IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SANDRENA REBECCA CARTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-0177 |
| | ) | Judge Aleta A. Trauger |
| YOUTH OPPORTUNITY | ) | |
| INVESTMENTS, LLC, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM**

Plaintiff Sandrena Rebecca Carter, proceeding *pro se*, filed a civil Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") against defendants Youth Opportunity Investments, LLC, its Chief Executive Officer, Ron Hunter, and assistant program director Mr. Refoure. (Doc. No. 1.) Because the plaintiff proceeds *in forma pauperis*, the court must conduct an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted.

**I.   Initial Review Screening Standards**

The court is statutorily required to conduct an initial review of a complaint filed by a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.     Factual Allegations in the Complaint

The plaintiff alleges that she was employed by "OmniVision" (whose relationship with Youth Opportunity Investments, LLC is not explained) on November 6, 2017. She attended a staff meeting on November 15, 2017. Mr. Refoure, an assistant supervisor, "provided entry into the facility" where the meeting was to be held. (Doc. No. 1, at 5.) The employees in attendance filed through the door. The plaintiff was last in line. As she passed through the doorway, "Mr. Refoure hit [her] on [her] butt with his key strap." (*Id.*) The plaintiff "immediately stopped in shock" but then continued to walk toward the meeting room. (*Id.*)

On November 21, 2017, the plaintiff reported to her work site. When Mr. Refoure came to check on her, she immediately told him not to ever touch her again. Mr. Refoure responded that, if the plaintiff told anyone what he did to her on November 15, she would lose her job.

From that day forward, the plaintiff remained silent for fear of losing her job. (*Id.* at 8.) She does not allege that Mr. Refoure ever touched her or in any way interfered with her ability to do her job after that date.

On July 12, 2018, the plaintiff was informed that she was terminated. She does not allege that Mr. Refoure had anything to do with her termination. The next day, she spoke with the regional director and a director of program support to complain about Mr. Refoure's "sexually harassing and sexually assaulting" her in November 2017. (*Id.*)

Based on these allegations, the plaintiff seeks damages under Title VII for discrimination on the basis of sex, specifically sexual harassment and sexual assault. (*Id.* at 4.) The plaintiff previously filed an administrative Charge of Discrimination with the Tennessee Human Rights Commission, which is attached to her Complaint. (Doc. No. 1-1, at 3.) Also attached is a copy of the Notice of Suit Rights issued on November 26, 2018 by the U.S. Equal Employment Opportunity Commission. (*Id.* at 1–2.)

**III. Discussion**

    **A. Individual Supervisor Liability**

In addition to naming her employer, Youth Opportunity Investments, as a defendant, the plaintiff also sues two individual supervisors: Ron Hunter and Mr. Refoure. Title VII prohibits any "employer" from discriminating against any individual because of her sex, among other protected characteristics. 42 U.S.C.A § 2000e-2(a)(1). "An individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Because the plaintiff fails to allege that the individual defendants named in the Complaint qualify as her "employer," the claims against Ron Hunter and Mr. Refoure will be dismissed for failure to state a claim for which relief

may be granted.

### B. Hostile Work Environment Claim Against Youth Opportunity Investments

A plaintiff may establish a violation of Title VII by an employer by proving that discrimination based on sex created a hostile or abusive work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 62 (1986). Discrimination in this form occurs "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To establish a *prima facie* case of sexual harassment or a sexually hostile work environment under Title VII, the plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance by creating a hostile, offensive, or intimidating work environment; and (5) there is a basis for employer liability. *Thornton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2008).

In this case, construed liberally, the Complaint alleges facts that, accepted as true, would establish the first three elements: the plaintiff, as a woman, is a member of a protected class, and the single slap on her rear end could conceivably qualify as unwelcome harassment based on her sex. The plaintiff's claim fails at the fourth element, however, because no reasonable juror could find that the alleged conduct about which the plaintiff complains created a hostile work environment.

To assess this fourth element, the court must consider "'all of the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes

with an employee's performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23). In addition, the "conduct in question must be judged by both an objective and a subjective standard: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." *Id.* (citations omitted).

Typically, "isolated incidents (unless extremely serious)" will not amount to discriminatory changes in the terms or conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 790 (6th Cir. 2000). "[C]onduct must be extreme" to meet the standard. *Faragher*, 524 U.S. at 788. To determine whether a single incident is sufficiently "severe" as an objective matter, courts "look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ault v. Oberlin Coll.*, 620 F. App'x 395, 400 (6th Cir. 2015) (internal quotation marks and citations omitted).

In the Sixth Circuit, a single act of sexual assault may give rise to an actionable claim for the creation of a sex-based hostile work environment. *See, e.g.*, *Ault*, 620 F. App'x at 402 (supervisor shoved employee against shelves in a walk-in cooler, rubbed his genitals against her, and held her in place despite demands that he stop); *see also Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 474 (6th Cir. 2012) ("Except in the case of extreme incidents *such as rape or sexual assault*, a single, isolated event is typically insufficient to create a hostile work environment." (emphasis added)) (dictum); *Hush v. Cedar Fair, L.P.*, 233 F. Supp. 3d 598, 604 (N.D. Ohio 2017) (denying motion to dismiss hostile work environment claim based on an incident of aggravated sexual assault upon a minor).

On the other hand, those cases in which the sexually harassing conduct consisted of a single minor incident of offensive touching have uniformly concluded that such an incident is not sufficiently severe to give rise to a hostile work environment. *See, e.g.*, *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 459, 464 (6th Cir. 2000) (dismissing hostile work environment claim where the plaintiff alleged that his supervisor had rubbed his shoulder on one occasion and "grabbed his buttocks" on another, finding that these events, even considered in conjunction with a handful of sexually suggestive comments by the supervisor, were not sufficiently severe or pervasive to create a hostile work environment); *Burnett v. Tyco Corp.*, 203 F.3d 980, 981 (6th Cir. 2000) (where the plaintiff alleged that her supervisor "placed a pack of cigarettes containing a lighter inside [the plaintiff's] tank top and brassiere strap," leaving her "stunned, shocked, and exposed," and that he twice made inappropriate, sexually charged comments to her, finding that this conduct was not "sufficiently severe or pervasive to support a finding of a hostile working environment"); *Moorer v. Summit Cty. Dep't of Job & Family Servs.*, No. 5:10CV457, 2011 WL 2746098, at *1 (N.D. Ohio July 14, 2011) (dismissing hostile work environment claim that was based on allegations that the plaintiff's supervisor "smacked her on the rear end" and had "made comments and unwanted advances of a sexual nature toward Plaintiff for several months preceding this incident," on the basis that the alleged conduct was not sufficiently severe or pervasive).

In this case, the only incident about which the plaintiff complains is being "hit on the butt" with a key strap. (Doc. No. 1, at 5.) Although the plaintiff characterizes the incident as a "sexual assault," nothing about her allegations suggests that this incident was sufficiently "severe" to meet the standard established by *Faragher*. Irrespective of the plaintiff's subjective perception of the event, no reasonable juror would consider that isolated incident, standing alone,

to be sufficiently severe to give rise to a claim for hostile work environment. Moreover, the plaintiff does not allege that this incident was accompanied by sexually suggestive comments, lewd gestures, or other inappropriate behavior based on the plaintiff's sex that could establish pervasive conduct. Nor does she allege that Mr. Refoure's sexually harassing behavior culminated in a tangible employment action of any kind or that he had anything to do with her termination eight months later.

The plaintiff also alleges that Mr. Refoure threatened her job should she ever tell anyone else about the incident. The plaintiff, allegedly in fear for her job, did not tell anyone else about the incident until the day her job was terminated. The court finds that the alleged threat of retaliation is not relevant to the question of whether the defendant created a hostile work environment. The alleged threat, itself, was not based on sex and, again, the plaintiff does not claim that Refoure continued to engage in inappropriate conduct or that he actually retaliated against the plaintiff.

Instead, the alleged threat would only be relevant to the fifth element of the plaintiff's *prima facie* case—whether the employer, Youth Opportunity Investments, LLC, could be vicariously liable for the creation of a hostile work environment.[1] The court has no need to reach

---

[1] Under Title VII, an employer is automatically vicariously liable if a supervisor's conduct creates a hostile work environment, "[i]f the supervisor's harassment culminates in a tangible employment action." *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013) (citing *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher*, 524 U.S. at 807). "But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided." *Id.* (citing *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807).

Evidence of a "credible threat of retaliation," however, may serve to relieve a plaintiff of her "duty under *Ellerth* to alert the employer to the allegedly hostile environment." *See Thornton*, 530 F.3d at 457 (citation omitted). In other words, the plaintiff might have used Refoure's alleged threat of retaliation as evidence to rebut the defendant's affirmative defense,

this issue, however, because the plaintiff has not shown the creation of a hostile work environment for which the employer could be vicariously liable.

**IV.     Conclusion**

Mr. Refoure's act of smacking the plaintiff with his key strap was undoubtedly inappropriate and unprofessional. It did not, however, create a hostile work environment of the type actionable under Title VII. The complaint will be dismissed for failure to state a claim under for which relief may be granted. An appropriate order is filed herewith.

ENTER this 4th day of April 2019.

_____
ALETA A. TRAUGER
United States District Judge

---

but the defendant has no need to assert the affirmative defense where the plaintiff cannot establish the existence of a hostile work environment in the first place.